By the Court.
Taking the complaints of error in the inverse order, we have, first, “The sufficiency of the evidence.”
*374 This court held in a recent case, Bank of Buffalo v. Wendel, 100 Ohio St., 47: “The court of appeals affirmed the judgment of the court of common pleas, and we are now asked to hold that the courts below were clearly wrong in their judgments in that there is an entire absence of evidence to sustain them. This is the only theory upon which this court under the record could take jurisdiction, because this court by a uniform line of practice will not weigh evidence on a disputed question of fact to determine where the preponderance lies. If there was some evidence, therefore, warranting the submission of the case to the jury, the verdict below must stand affirmed.”
We hold in this case that there was not only some evidence but abundant evidence to go to the jury upon the issues of fact raised in the pleadings; that the case was properly submitted in that behalf. The judgments of the court below will not be disturbed for that reason.
As to the other ground of error: “The application of the statute of limitations.”
It is not contended here that the court wrongly charged the jury in this behalf. The contract was either a continuing contract in entirety during the lifetime of J. W. Snider, or it was a contract from day to day, month to month, or year to year. If the latter, the service rendered would be subject to the six-year statute of limitations, as contended for by plaintiff in error. If, on the other hand, it was one entire contract operating during the lifetime of J. W. Snider, then the statute of limitations would not begin to run until the death of said J. W. *375 Snider. There was no finding of fact as to which view the jury adopted, though from the compensation of $4,400 for the six years prior to the death of J. W. Snider, in view of the nature of the service, it may well be inferred that the jury regarded the evidence as showing one entire continuing contract. However, in either event, there was abundant evidence, especially in the nature of admissions to numerous parties, neighbors and friends, made by J. W. Snider in his lifetime, as to an intent and purpose on his part to pay the plaintiff below for the services he rendered.
It is urged that this policy of the law opens the door wide for fraud upon decedents’ estates. That, however, is largely counterbalanced by the fact that the plaintiff’s mouth is closed and that he must make his proof through outside parties who presumably are more disinterested; and the jury is the first arbiter of whether or not the claims are bona fide and reasonable, and then the courts have a reviewing and supervising jurisdiction to right any wrong committed by the jury.
The whole record shows, and is admitted by plaintiff in error’s brief to show, that “the facts were not in dispute.” It is therefore all the more important that the inferences and conclusions of those facts were a proper matter for the consideration and determination by the jury, as to whether or not they showed a contractual relation, and as to whether or not that relation was one entire and continuing one during the lifetime of said J. W. Snider.
*376 .We fail to find any error of law in this case to justify a reversal. Judgment therefore must be affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.